507 A.2d 844

Patricia BURKHART, Executrix of the Estate of Roger Alan Mahaffey, on behalf of Molly L. Mahaffey, Mikele E. Mahaffey, and Monica L. Mahaffey, Minors and Shirley A. Mahaffey, Individually and as parent and natural guardian for Molly L. Mahaffey, Mikele E. Mahaffey, and Monica L. Mahaffey, Minors, Appellants,

v.

BROCKWAY GLASS COMPANY and Liberty Mutual Insurance Company, Appellees.

Superior Court of Pennsylvania.

Argued March 27, 1985.

Filed March 31, 1986.

Frank A. Conte, Washington, for appellants.

W. Patric Boyer, Canonsburg, for appellees.

Before McEWEN, CERCONE and HANDLER *, JJ.

McEWEN, Judge:

This is an appeal from a summary judgment entered in favor of appellees. Appellant claims that the trial court erred in granting summary judgment in favor of appellee Brockway Glass Company and asserts: (1) a cause of action exists against an employer/social host who furnishes and authorizes the use of alcoholic beverages at business meetings where the employee/decedent was visibly intoxicated; and (2) a cause of action exists against an employer for "negligent entrustment" [1] of a company owned motor vehicle to an employee/decedent who was visibly intoxicated. We affirm.

Appellant, in her complaint, set forth, *inter alia*, the following averments which she contends give rise to a cause of action against appellee Brockway Glass Company:

4. Brockway Glass Company, Defendant, is a corporation authorized to do business in the Commonwealth of Pennsylvania and at all relevant times to the within action was the employer of Roger Alan Mahaffey, who was employed at the plant of the Defendant Brockway Glass

---

* Judge Earl R. Handler of the Court of Common Pleas of Indiana County is sitting by designation of the Pennsylvania Supreme Court.

1. The Restatement (Second) of Torts defines negligent entrustment as follows:

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such a person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Restatement (Second) of Torts § 308 (1965). *See Pulleyn v. Cavalier Insurance Corp.*, 351 Pa.Super. 347, 352, 505 A.2d 1016, 1018 (1986). *See also* Anno.: Liability Based on Entrusting Automobile to One Who is Intoxicated or Known to be Excessive User of Intoxicants, 19 A.L.R.3d 1175 (1968).

Company known as Plant No. 7 in the City of Washington, Washington County, Pennsylvania.

5. On or about October 23, 1980, while driving a vehicle owned by the Defendant, Brockway Glass Company, Roger Alan Mahaffey was killed as a result of an accident on Route 136 in South Strabane Township, Washington Company, Pennsylvania.

6. The accident occurred when the vehicle which the decedent was driving left the travelled portion of the highway and struck a tree a short distance from the travelled portion of the highway.

7. The accident aforesaid was caused solely, directly and proximately as a result of the negligent acts of the Defendant Brockway Glass Company through its servants, agents and employees in that:

(a) It negligently, carelessly, and recklessly furnished to Roger Alan Mahaffey, while Mr. Mahaffey was intoxicated, alcoholic beverages when it knew or should have known that such furnishing of alcoholic beverages was contrary to law, and could result in death or serious bodily injury to the plaintiffs' decedent.

(b) It authorized the use of alcoholic beverages during business meetings on the date of the accident and continued to authorize and expend monies for the furnishing of alcoholic beverages to the plaintiffs' decedent for a period of at least four (4) hours and probably longer in sufficient quantities to cause the plaintiffs' decedent to become intoxicated.

(c) In spite of the knowledge of the Defendant Brockway Glass Company through its servants, agents or employees of the intoxication of the Plaintiffs' decedent, it failed to warn him against driving the vehicle or to take any steps to prevent the operation of the motor vehicle owned by the Defendant Brockway Glass Company, even though the said ownership of the vehicle would permit them to preclude the plaintiffs' decedent

from operating that motor vehicle while he was intoxicated.

8. Solely as a result of the negligence of the Defendant Brockway Glass Company aforesaid, and as a proximate cause thereof, the decedent was involved in an automobile accident as aforesaid and was killed.

The motion for summary judgment was submitted to the trial court by appellee Brockway Glass Company and subsequently granted on April 27, 1984. Appellant then filed exceptions pursuant to a local Washington County rule but they were denied by the court *en banc* on August 6, 1984. An appeal was filed in this Court on August 28, 1984.

■ We must initially address the procedural issue presented by the conflict between the Pennsylvania Rules of Civil Procedure and the local rule followed in Washington County. The order granting summary judgment was a final and appealable order. *See: Praisner v. Stocker,* 313 Pa.Super. 332, 339, 459 A.2d 1255, 1259 (1983). Therefore, once the trial court had granted the summary judgment, appellant was required, under the Pennsylvania Rules of Appellate Procedure, to appeal to this Court within thirty days. *See* Pa.R.A.P. 903(a). While the Pennsylvania Rules of Civil Procedure do not provide for the filing of exceptions to the entry of a summary judgment, appellant, pursuant to the County rules, filed exceptions which were ultimately denied by the court *en banc.* As a result, appellant did not file an appeal with this Court until well after the thirty day period had expired. Ordinarily, failure to timely file an appeal would result in the appeal being quashed. *U.S. National Bank in Johnstown v. Johnson,* 506 Pa. 622, 631, 487 A.2d 809, 814 (1985); *Indiana County Hospital Authority v. McCarl's Plumbing & Heating Company,* 344 Pa.Super. 226, 229, 496 A.2d 767, 768 (1985). It would, of course, be callously unjust to penalize a litigant because her counsel complied with a rule of the forum.[2] Thus, we deny

2. It would appear, happily, that the rule is no longer in effect.

the motion of appellee to quash the appeal and proceed to a consideration of the merits of the ruling of the trial court.

The standard of review to be applied to our consideration of an appeal from a summary judgment is well established:

> In reviewing summary judgment, the court must accept as true all well-pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. To uphold summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law.

*Craddock v. Gross,* 350 Pa.Super. 575, 578, 504 A.2d 1300, 1301 (1986) *quoting Lookenbill v. Garrett,* 340 Pa.Super. 435, 439, 490 A.2d 857, 859 (1985). *See also Green v. Juneja,* 337 Pa.Super. 460, 463, 487 A.2d 36, 38 (1985). A summary judgment should not be entered unless a case is clear and free from doubt. *Lookenbill v. Garrett, supra* 340 Pa.Super. at 438, 490 A.2d at 859 (1985); *Richland Mall Corp. v. Kasco Construction Co.,* 337 Pa.Super. 204, 210, 486 A.2d 978, 981 (1984). In the instant case, the trial court accepted the factual averments of appellant as true, resolved all questions regarding the existence of a material fact in favor of the non-moving party, determined that appellee Brockway Glass Company did not owe a duty to the decedent Roger Alan Mahaffey, and entered summary judgment against appellant. We are compelled to the conclusion that the trial court properly did so.

It is undisputed that a liquor licensee can be held civilly liable for injuries proximately resulting from the unlawful sale[3] of intoxicants to a visibly intoxicated person. That

---

**3.** The Liquor Code provides that:
> "It shall be unlawful ... for any licensee or the board or any employe, servant or agent of such licensee or of the board or any other person to sell, furnish or give any liquor ... or to permit any liquor ... to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits."

Act of April 12, 1951, P.L. 90, Art. IV, § 493(1), as amended, 47 P.S. § 4-493(1).

liability arises from, *inter alia,* the following statutory proscription contained in the Liquor Code:

### § 4–497.  Liability of licensees

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe when the said customer was visibly intoxicated.

Act of April 12, 1951, P.L. 90, Art. IV, added December 22, 1965, P.L. 1144, No. 441 § 1, 47 P.S. § 4–497. *See Couts v. Ghion,* 281 Pa.Super. 135, 421 A.2d 1184 (1980) (Civil liability imposed upon licensee who violated Liquor Code, 47 P.S. § 4–493, by serving intoxicants to visibly intoxicated person); *Schelin v. Goldberg,* 188 Pa.Super. 341, 146 A.2d 648 (1958) (Civil liability imposed upon licensee who violated Liquor Code, 47 P.S. § 4–493, by serving intoxicants to visibly intoxicated person). *See also Mancuso v. Bradshaw,* 338 Pa.Super. 328, 487 A.2d 990 (1985) allo. granted, 508 Pa. 346, 497 A.2d 607 (1985).

The question of whether non-licensed dispensers of intoxicants can be held civilly liable based upon the provisions of the Liquor Code was addressed in *Manning v. Andy,* 454 Pa. 237, 310 A.2d 75 (1973). Our Supreme Court ruled that the civil cause of action created by the Liquor Code was applicable only to liquor licensees and not to non-licensed persons who furnish intoxicants for no renumeration. The Court did not at that time, however, resolve the issue of whether a non-licensed person who furnishes intoxicants could be the subject of a cause of action sounding in negligence as distinguished from the cause of action created by virtue of the provision contained in the Liquor Code.

In 1983, the Supreme Court decided two cases in which the question of the civil liability of a non-licensed person for furnishing intoxicants to his or her guests was raised in the

context of a negligence claim. In *Klein v. Raysinger*, 504 Pa. 141, 470 A.2d 507 (1983), the Supreme Court determined that there can be no liability on the part of a social host who serves intoxicants to his or her adult guests. *Id.*, 504 Pa. at 147, 470 A.2d at 511. However, in *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983), decided on the same day as *Klein, supra,* the Supreme Court narrowed the effect of *Klein* and held that a minor may state a cause of action against an adult social host who knowingly serves him intoxicants, while noting that, however, the social host may assert as a defense the minor's contributory negligence under the Comparative Negligence Act.[4] *Id.*, 504 Pa. at 164, 470 A.2d at 518.

■ Pennsylvania law, therefore, recognizes three categories of persons who serve alcoholic beverages: (1) those persons engaged in the manufacture, importation, sale and disposition of liquor, alcohol and malt or brewed beverages who are required to be licensed pursuant to the Liquor Code, 47 P.S. § 1–101 *et seq.;* (2) those social hosts, i.e., non-licensed persons, who serve intoxicants for no renumeration to their adult guests and (3) those social hosts who knowingly serve intoxicants to a minor. Thus, while liquor licensees may be held civilly liable, social hosts will not be held civilly liable for furnishing alcoholic beverages to their guests provided the guests are competent, *adult* individuals.

■ Appellant does not here claim that appellee Brockway Glass Company was a licensed person under the provisions of the Liquor Code, nor does appellant claim that the decedent, Roger Alan Mahaffey, was a minor. Rather, appellant claims that a special duty arose by virtue of the employer/employee relationship which required Brockway Glass Company as employer of decedent Roger Alan Mahaf-

4. Act of April 28, 1978, P.L. 202, No. 53, § 10 (89) as amended. 42 Pa.C.S. § 7102.

fey to protect him from harm arising from his consumption of alcohol. We cannot accept this assertion. Since appellee Brockway Glass Company was a social host as that term has been interpreted by our Supreme Court, and Roger Alan Mahaffey was an adult guest, the trial court properly concluded that there can be no liability on the part of Brockway as social host for the furnishing of alcoholic beverages to Roger Alan Mahaffey, an adult guest.

■ Appellant also claims that Brockway Glass Company, through its agents, servants or employees, was negligent in that it failed to prevent Roger Alan Mahaffey from operating the company owned automobile when he was visibly intoxicated. We disagree.

> The law does not recognize a cause of action against one who fails to prevent another from committing a crime. Indeed, a social host is not privileged to use force against or impose confinement upon another for the purpose of preventing the violation of a statute or the commission of a misdemeanor, Restatement of Torts 2d § 141, and may become liable to the other if force is applied or confinement imposed. Restatement of Torts 2d § 144.

*Klein v. Raysinger*, 302 Pa.Super. 248, 252 n. 3, 448 A.2d 620, 623 n. 3 (1983) *aff'd.* 504 Pa. 141, 470 A.2d 507 (1983). Although appellant characterizes the cause of action as being one of negligent entrustment because the car in which decedent Roger Alan Mahaffey died was owned by Brockway Glass Company, no cause of action for negligent entrustment is presented since it was not pleaded in the complaint that the automobile was entrusted to Roger Alan Mahaffey *after or while* he was intoxicated. Thus, the trial court properly concluded that no cause of action had been stated for negligent entrustment. The summary judgment entered by the distinguished Judge Thomas J. Terputac is, therefore, affirmed.

Judgment affirmed.