518 A.2d 808

**PROGRESSIVE HOME FEDERAL SAVINGS AND LOAN ASSOCIATION**

v.

**James KOCAK and Catherine Kocak, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued June 4, 1986.

Filed Sept. 23, 1986.

Reargument Denied Jan. 6, 1987.

Daniel L. Haller, Aliquippa, for appellants.

Walter A. Koegler, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and CERCONE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an order entering summary judgment for appellee, Progressive Home Federal Savings and Loan Association, on its complaint in mortgage foreclosure and against appellants, James and Catherine Kocak, on their counterclaim. Appellee filed a complaint in mortgage foreclosure against appellants. In their answer thereto, appellants admitted the execution and delivery of the mortgage, and the fact that they were not current with the mortgage payments. Appellants generally denied the amount of attorney's fees. Appellants also filed a counterclaim alleging that appellee had violated the Truth in Lending Act.[1] By order dated July 5, 1985 and docketed on July 8, 1985, the trial court granted summary judgment for

1. Consumer Credit Protection Act of May 29, 1968, 82 Stat. 146, P.L. No. 90–321, 15 U.S.C. §§ 1601 *et seq.* (as amended through March 23, 1976, and Federal Reserve Regulation Z, 12 C.F.R § 226.1 et seq.

appellee because it found that the general denial of attorney's fees had the effect of an admission under Pa.R.C.P. 1029(b) and 1141(b), and therefore, there was no dispute as to the default and the amount due. Furthermore, the trial court entered summary judgment against the appellants on their counterclaim because it was lacking in merit as determined by a review of the pleadings. On July 17, 1985, appellee praeciped to enter judgment on the July 5, 1985 order, and on August 15, 1985, appellants filed their notice of appeal.

Although the issue of appealability has not been raised by the parties, the Superior Court may raise jurisdictional questions *sua sponte. Rossi v. The Pennsylvania State University,* 340 Pa.Super. 39, 489 A.2d 828 (1985); *Penjerdel Refrigeration Corp., Inc. v. R.A.C.S., Inc.,* 296 Pa.Super. 62, 442 A.2d 296 (1982). Because in this case the appeal was not taken within 30 days of the July 8, 1985 filing of the order entering summary judgment, we must quash the appeal as being untimely.

An order granting summary judgment is final and appealable, and once summary judgment is granted, an appeal must be filed, if at all, within 30 days. *Burkhart v. Brockway Glass Co.,* 352 Pa.Super. 204, 507 A.2d 844 (1986); Pa.R.A.P. 903(a). *See also: Hunter v. Employers Insurance of Wausau,* 347 Pa.Super. 227, 500 A.2d 490 (1985) (when no appeal is taken directly from summary judgment, the judgment is final and cannot be vacated *sua sponte* ); *Whirley Industries, Inc. v. Segel,* 316 Pa.Super. 75, 462 A.2d 800 (1983) (grant of a demurrer which is treated as a summary judgment is a final order); *U.S. National Bank in Johnstown v. Johnson,* 506 Pa. 622, 487 A.2d 809 (1985) (exceptions do not have to be filed to an order sustaining preliminary objections in the nature of a demurrer before an appeal can be taken); Pa.R.A.P. 903(a).

The trial court's order docketed on July 8, 1985 in this case stated: "... it is hereby ORDERED that the Plaintiff's Motion is granted and Summary Judgment is

entered...." This order was final and appealable, and appellant had to file an appeal, if at all, within 30 days of this order. Because the order stated that "judgment is entered" it was entirely unnecessary for appellee to praecipe for judgment, as it did on July 17, 1985. Once the trial court's order entering judgment was filed on July 8, 1985, judgment was entered. The subsequent praecipe for judgment was a meaningless act because the judgment had already been entered. *See:* Pa.R.C.P. 227.4(2) (the prothonotary shall enter judgment on praecipe of a party *when the court itself does not enter judgment*) (emphasis added). Because the appeal from the summary judgment was filed on August 15, 1985, more than 30 days after the entry of the judgment on July 8, 1985, the present appeal is untimely and must be quashed.

Appeal quashed.