538 A.2d 1379

**William COYLE, a Minor, By his Parents and Natural Guardians, William and Marie COYLE, and William and Marie Coyle, in their own Right, Appellants,**

**v.**

**RICHARDSON–MERRELL, INC. and David Rubin and Seymour Margolis, as Bonnet Lane Pharmacy.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1988.

Filed March 14, 1988.

Thomas R. Kline, Philadelphia, for appellants.

Nina M. Gussack, Philadelphia, for appellees.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from the Order granting summary judgment in favor of defendants Rubin & Margolis, individually, and trading as Bonnet Lane Pharmacy.[1] There are two issues which we must consider: 1) whether our decision in *Makripodis v. Merrell–Dow Pharmaceuticals, Inc.*, 361 Pa.Super. 589, 523 A.2d 374 (1987) is applicable to the instant case; and 2) whether a denial of a motion for judgment on the pleadings forever precludes a party from receiving a subsequent grant of summary judgment.

Appellants brought this suit claiming their son, William, was born with badly deformed limbs due to ingestion of the drug Bendectin by his mother during the early part of her pregnancy. The Bendectin was prescribed by Mrs. Coyle's doctor to relieve her nausea and vomiting associated with pregnancy. Appellants filed their complaint on January 9, 1981 against Merrell–Dow Pharmaceuticals, Inc.[2] as manufacturer of the drug and Bonnet Lane Pharmacy (Bonnet Lane) as supplier of the drug. Bonnet Lane was a defendant based upon appellant's claim of strict liability under the Restatement (Second) of Torts § 402A.[3] Appellees had the case removed to the district court for the eastern district of Pennsylvania claiming Bonnet Lane was fraudulently joined to defeat diversity jurisdiction in the federal court. Bonnet

1. The appeal was properly taken from the Order granting summary judgment which is final and appealable and need not be reduced to judgment. *Sidkoff, et al. v. Pennsylvania National Mutual Casualty Insurance Co.*, 369 Pa.Super. 35, 534 A.2d 1066 (1987).

2. Merrell–Dow Pharmaceuticals, Inc. (Merrell–Dow) was sued as Richardson–Merrell, Inc. Merrell–Dow is the successor corporation to Richardson–Merrell, Inc.

3. Section 402A provides in pertinent part:
    (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
    (a) the seller is engaged in the business of selling such a product, and
    (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Lane also moved for judgment on the pleadings. The district court found that Pennsylvania did not have any case law which would support either party in their contentions regarding the liability of pharmacists under § 402A. Therefore, without more, there was no basis for finding fraudulent joinder and no basis for granting Bonnet Lane's motion for judgment on the pleadings. The case was remanded to state court for lack of diversity jurisdiction. The state court, on September 26, 1986, granted summary judgment to Bonnet Lane, holding that pharmacists are not strictly liable under § 402A of the Restatement (Second) of Torts for damages which occur as a result of ingestion of a prescribed drug. The court relied on several trial court Opinions to reach its conclusion, one of which was *Makripodis, supra,* before it came to us on appeal and we affirmed. Thus, using our reasoning of *Makripodis,* we now affirm the trial court.

The facts of *Makripodis* are exactly on point with the instant case. A child with congenital abnormalities was born to a mother who had taken Bendectin during her pregnancy. Merrell–Dow was sued along with Rite–Aid Corporation, the supplier of the drug to the mother. We found that a pharmacy is not strictly liable under § 402A of the Restatement (Second) of Torts for failure to warn of any teratogenic potential. *Nor* is a pharmacy strictly liable as a *retailer* of a drug which results in harm to the user. *Makripodis, supra,* 361 Pa.Super. at 595–597, 523 A.2d at 378. Appellants in the instant case try to distinguish their case from *Makripodis* by stating "[I]n *Makripodis,* the *only* theory of liability under 402A [sic] was failure to warn, whereas in the present case the plaintiffs also present a theory of liability under § 402A of the Restatement of Trots [sic] (Second) that Bendectin was itself *unsafe and inherently defective* for use at all by pregnant women." (Emphasis in original.) (Brief of appellant, p. 11.) This attempt at distinguishing their case overlooks, however, our

conclusion in *Makripodis* regarding any type of strict liability imposition upon pharmacists: "[W]e can perceive no benefit to be derived from the imposition of strict liability upon the pharmacist who properly dispenses a prescription drug upon the prescription of a duly licensed physician." *Makripodis, supra* 523 A.2d at 379. It is clear, therefore, that a pharmacist will not be held strictly liable under § 402A of the Restatement (Second) of Torts as a supplier in the chain of distribution of a prescription drug.[4]

■ Finally, appellants claim the trial court erred in granting summary judgment to Bonnet Lane since the district court, five years earlier, had denied Bonnet Lane's motion for judgment on the pleadings. This argument, too, is without merit. Judgment on the pleadings is exactly that—a judgment rendered for either party based solely on the pleadings themselves; no outside material may be considered. Summary judgment is a judgment rendered on the basis of pleadings along with other material such as depositions, interrogatories, affidavits, etc. Although a party does not receive a favorable judgment based solely on the pleadings, the party may later be able to show through other material that judgment in their favor is appropriate. *See Harvey v. Hansen*, 299 Pa.Super. 474, 481 n. 7, 445 A.2d 1228, 1231 n. 7 (1982).

Order granting summary judgment affirmed.

4. We note that appellants assert *Makripodis* has no application to their case since it was decided after their complaint was filed. This argument is without merit since the rationale used in deciding *Makripodis* is equally applicable here. Furthermore, since *Makripodis* was the first pronouncement by an appellate court in Pennsylvania concerning liability of pharmacists under § 402A, Restatement (Second) of Torts, we are not *changing* the law on appellants prior to the conclusion of their case but are merely *applying* the law which governs their case.