Rudolph TOHAN & Wanda Tohan,
H/W, Appellant,

v.

OWENS–CORNING FIBERGLAS CORP.,
Pittsburgh Corning Corp., Celotex Cor-
poration, H.K. Porter Company, Inc.,
Eagle–Picher Industries, Inc., Southern
Textile Company, GAF Corporation,
Rubberoid Company, Inc., Owens–Illi-
nois, Inc., Keene Corporation, Arm-
strong World Industries, Inc., Armstrong
Cork Company, United States Gypsum
Company, Porter Hayden Co., Foster
Wheeler Corporation, York–Shipley,
Inc., Pars Manufacturing Company,
Phelps Packing & Rubber Co., Inc., Her-
cules Packing Corp., Anchor Packing
Co., Aztec Industries, Inc., A.C. & S Cor-
poration, Flexitallic Gasket Company,
Flintkote Company, Garlock Industries,
Fibreboard Corporation, Uniroyal, Inc.,
National Gypsum Company, Chicago
Fire Brick Co., Brand Insulations, Inc.,
Turner & Newall, A.P. Green Refracto-
ries Co., Allied Corporation, Boiler Tube
Co. of America, Prudential Supply Cor-
poration, J.H. France Refractories, Co.,
Riley Stoker Corporation, Harbison
Walker Refractories, Drever Furnaces,
Selas Corporation of America, Selas
Furnaces, Ray Oil Burner Company,
Bickley Furnaces, Inc., National Boiler
Works, Inc., Superior Boiler Works, Inc.,
H.B. Smith, Keeler/Dorr–Oliver Boiler
Co., International Boilers, Cleaver
Brooks, Division Of Aquachem, Inc., Ap-
pellee.

Superior Court of Pennsylvania.

Argued April 8, 1997.

Filed June 10, 1997.

Reargument Denied Aug. 12, 1997.

Richard P. Hackman, Philadelphia, for appellants.

Walter S. Jenkins, Philadelphia, for appellees.

Alan Klein, Philadelphia, for appellees.

Before BECK, SAYLOR and MONTEMURO,* JJ.

---

\* Retired Justice assigned to Superior Court.

1. In their Notice of Appeal dated September 17, 1996, Appellants claim that they are appealing "from the summary judgment Order entered in this matter on the 20th day of August, 1996." In fact, however, the August 20, 1996 Order denied Appellants' post-trial motions. We note that an appeal from an order denying post-trial motions is interlocutory, and, therefore, unappealable unless it is reduced to judgment. *Bonavitacola v. Cluver*, 422 Pa.Super. 556, 562, 619 A.2d 1363,

MONTEMURO, Judge.

■■■ Appellants, Rudolph and Wanda Tohan, appeal from the judgment entered October 31, 1996 in the Philadelphia County Court of Common Pleas in favor of Appellees, Owens–Corning Fiberglas Corporation and numerous other asbestos manufacturers and suppliers.[1] We find that because Appellants failed to perfect an appeal within thirty days of the trial court's December 1, 1993 entry of summary judgment, we must quash this appeal as untimely.

On March 18, 1988, Appellants filed suit against Appellees in a consolidated asbestos matter, seeking damages resulting from Appellant-husband's personal injuries arising from occupational exposure to asbestos. The matter proceeded to a jury trial on November 1, 1993 in a reverse-bifurcated form: damages are determined in the first phase of the trial, and, if necessary, a second phase is conducted where the jury determines the liability of particular defendants. On November 12, 1993, following the presentation of evidence for the first phase of trial, Appellees moved to have Appellants' cause of action dismissed, asserting that Appellants were barred by the applicable two year statute of limitations because Appellant-husband knew or should have known he had a legally cognizable asbestos-related injury more than two years before suit was filed. The trial judge heard argument, and, together with the evidence presented at trial, consisting of the videotaped depositions of Appellants and a treating pulmonologist, Dr. Mitchell Weiner, and the telephonic depositions of treating physicians, Drs. Rafael Salas and Mohan Kutty, the judge granted summary judgment in favor of Appellees.

On November 22, 1993, Appellants filed a post-trial motion docketed as a motion for a

1366, *allocatur denied*, 535 Pa. 652, 634 A.2d 216 (1993). *See* Pa.R.A.P. 301 (a), (c), and (d). Because judgment was ultimately entered on October 31, 1996, however, in the interests of judicial economy, we will consider this appeal as filed after entry of judgment. Pa.R.A.P. 905(a); *Summit Fasteners v. Harleysville Nat. Bank & Trust Co.*, 410 Pa.Super. 56, 59 n. 1, 599 A.2d 203, 205 n. 1 (1991), *allocatur denied*, 530 Pa. 633, 606 A.2d 902 (1992) (stating that "we will consider done, 'that which ought to have been done.' ").

new trial. On December 1, 1993, the trial court entered summary judgment in favor of Appellees. Oral argument on Appellants' post-trial motion was held on June 28, 1996, after which the trial court entered an Order denying the motion, docketed on August 20, 1996. Appellants filed a Notice of Appeal on September 18, 1996, and, thereafter, praeciped for entry of judgment, which was entered on October 31, 1996. On appeal, Appellants contend that the trial court abused its discretion when it granted summary judgment in favor of Appellees. (Appellants' Brief at 1).

■ Upon review of an appeal, our first task is to determine whether the matter is properly before this Court. The appealability of an order directly affects the jurisdiction of this Court, and, therefore, since jurisdiction was not challenged by either party in the instant case, we are compelled to raise this issue *sua sponte*. *See Rieser v. Glukowsky*, 435 Pa.Super. 530, 535, 646 A.2d 1221, 1223 (1994) (stating issue of jurisdiction may be raised by the court *sua sponte* ).

■ It is well-established that the failure to file a timely appeal will divest this Court of jurisdiction. *Sidkoff, Pincus, et al. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 521 Pa. 462, 468, 555 A.2d 1284, 1287 (1989). This rule, however, "is dependent upon a predicate, which is that the order in question must have been final and properly entered; for an appeal period cannot begin to run absent a valid order." *Id.*

Initially, Appellants, without citation to caselaw, briefly assert that although the docket entry for December 1, 1993 states that summary judgment was granted, "the [in-court] motion itself was not so designated; and, since said motion came at the conclusion of all of the evidence at trial, the trial court should properly have designated and treated said motion as a motion for directed verdict." (Appellants' Brief at 3–4). Therefore, before we decide whether Appellants have appealed timely, we must first determine whether,

procedurally, the trial court's consideration and entry of summary judgment was proper.

■ In the instant case, on November 12, 1993, after evidence was presented in the damages phase, Appellees moved to have Appellants' suit dismissed based upon the running of the two year statute of limitations. The trial court heard argument from each side, and, on December 1, 1993, entered summary judgment in favor of Appellees. It is clear that summary judgment may be properly entered in favor of the defendants where the plaintiff's cause of action is barred by the statute of limitations. *Brooks v. Sagovia*, 431 Pa.Super. 508, 511, 636 A.2d 1201, 1202 (1994). When moving for summary judgment, the moving party must adhere to Pa. R.C.P. 1035 which states, in relevant part:

> (a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

Pa.R.C.P. 1035(a).

■ Typically, after trial has commenced, a motion for summary judgment is no longer appropriate. *William J. Heck Builders, Inc. v. Martin*, 315 Pa.Super. 395, 397, 462 A.2d 253, 254 (1983). Further, our Court also has held that generally, an oral request for summary judgment, absent a written document, is insufficient to meet the requirements of Pa.R.C.P. 1035(a). *Taylor v. Owens–Corning Fiberglas Corp.*, 446 Pa.Super. 174, 191, 666 A.2d 681, 689 (1995), *allocatur denied*, 544 Pa. 661, 676 A.2d 1201 (1996). We note, however, that because of their complexity, the litigation of asbestos cases do not follow the "typical" trial format; indeed, asbestos litigation now has its own "special provisions" in the Rules of Civil Procedure.[2] Further, as noted above, asbestos litigation is unique in that it routinely proceeds in a reverse-bifurcated fashion. Thus, it is not surprising that a review of the asbestos caselaw reveals that given the com-

---

**2.** *See* Pa.R.C.P. 1041.1 entitled "Asbestos Litigation. Special Provisions." This rule, which provides special civil procedural provisions to alleviate the complexity of asbestos cases, was adopted on April 4, 1990, effective July 1, 1990. For example, this rule states that a "motion for summary judgment filed by one defendant alleging a ground common to one or more other defendants shall be deemed filed on behalf of all such defendants." Pa.R.C.P. 1041.1(f).

plexity and unique nature of asbestos litigation, it is not uncommon practice for a court to permit a summary judgment motion based upon the statute of limitations at the end of the damages phase of trial.

In *White v. Owens–Corning Fiberglas Corp.*, 447 Pa.Super. 5, 668 A.2d 136 (1995), at the end of the damages phase, the defendants motioned for summary judgment alleging that the plaintiff's suit was barred by the statute of limitations. *Id.* at 13, 668 A.2d at 140. The motion was granted and the plaintiffs appealed, contending, *inter alia,* that the trial court erred in considering the summary judgment motion after the commencement of the damages phase of trial. *Id.* at 14, 668 A.2d at 141. We disagreed, reasoning that our rules of civil procedure may be construed in a liberal manner to "secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable[,]" as long as there is good cause and "no showing of prejudice as a result of the failure to comply strictly with the rules." *Id.* at 16, 668 A.2d at 141. Accordingly, we held that where the trial judge who initially presided over proceedings before the damages phase expressly preserved the summary judgment motion for review at a later date, such preservation was within the judge's discretion, and, therefore, consideration of the motion at the end of the damages phase was proper. *Id.* at 16–17, 668 A.2d at 142.

■ In the instant case, the record reveals that after the evidence was received in the damages phase of the trial, defense counsel stated: "Your Honor, we want to *renew* for the defense our motion to have Mr. Tohan's cause of action dismissed on the basis of the running of the statute of limitations." (N.T. 11/12/93 at 3) (emphasis added). Appellants do not allege either error by the trial court in entertaining this motion, or prejudice resulting from its consideration, but, rather, merely claim that because defense counsel did not specifically articulate the motion as a motion for summary judgment, "the trial court should have properly designated and treated

said motion as a motion for directed verdict." (Appellants' Brief at 4). We disagree and find that the procedural posture of this case closely parallels that of *White.*

The notes of testimony reveal that a meeting with a calendar judge was held on or about October 25, 1993, before the commencement of the damages phase, wherein the parties agreed upon certain points for trial. (N.T. 11/1/93 at 14). Specifically, the testimony reveals an agreement which states that "all November summary judgment motions which are dependent upon the deposition of witnesses who have not yet testified will not be considered by Judge Moss before trial, ... but the motion may be presented to the trial judge at the conclusion of phase one in the event of a plaintiff's verdict. The motion cannot be presented to the trial judge before the completion of phase one." (N.T. 11/1/93 at 14).[3] Thus, we find that Appellees' motion was *properly preserved, and therefore correctly considered by the trial court* at the conclusion of the damages phase. Regardless of nomenclature, whether defense counsel orally labelled the motion as a motion to dismiss based upon the statute of limitations, or a motion for summary judgment on the same grounds, the effect remains the same; the grant of either motion would effectively terminate litigation and put the plaintiff out of court. *See Jonas v. Wiesmeth,* 360 Pa.Super. 173, 520 A.2d 40 (1987) (holding order dismissing party from suit is always final and appealable). *See also* discussion *infra* regarding the finality of summary judgment orders.

Further, despite Appellants' position concerning how this motion *should have been* regarded, the fact still remains that the trial court entered *summary judgment* on December 1, 1993, and the docket reveals that all parties received proper notice. Appellants did not protest at that time, and, therefore, we decline to hear their present complaint. *See Taylor,* 446 Pa.Super. at 192, 666 A.2d at 690 (holding trial court erred by

---

**3.** We cite to the notes of testimony rather than the actual agreement because Appellant has failed to include this agreement in the certified record. Although we highlight the fact that it is Appellants' duty to supply this Court with a complete record, Pa.R.A.P. 1911(a), we note that because the agreement is memorialized in the notes of testimony, its absence from the the certified record does not preclude meaningful appellate review.

**1200**

granting oral summary judgment motion where motion was *not* previously preserved and was made the morning of trial, thus plaintiffs were denied notice and reasonable opportunity to respond). Next, we must determine whether Appellants appealed properly from the trial court's grant of summary judgment.

It is well-established that an order granting summary judgment is final and appealable. *Progressive Home Fed. Sav. & Loan v. Kocak,* 359 Pa.Super. 120, 122, 518 A.2d 808, 809 (1986); *Alberici v. Safeguard Mut. Ins. Co.,* 444 Pa.Super. 351, 356 n. 1, 664 A.2d 110, 113 n. 1 (1995). Therefore, to preserve the right to appeal once summary judgment is granted, an appeal must be filed within thirty (30) days after the entry of that order. Pa.R.A.P. 903(a); *Progressive,* 359 Pa.Super. at 122, 518 A.2d at 808. Post-trial motions are not allowed following the entry of summary judgment, as it is the entry of judgment which initiates the running of the appeal period. *Sterling v. Fineman,* 428 Pa.Super. 233, 237, 630 A.2d 1224, 1227 (1993); *Burkhart v. Brockway Glass Co.,* 352 Pa.Super. 204, 208, 507 A.2d 844, 846 (1986), *allocatur denied,* 514 Pa. 615, 521 A.2d 930 (1987). *See Progressive,* 359 Pa.Super. at 123, 518 A.2d at 809 (holding once trial court's summary judgment order was filed, judgment was entered and therefore appellant's subsequent praecipe for judgment was a "meaningless act.").

Instantly, the trial court entered summary judgment in favor of Appellees on December 1, 1993. Appellants, following the denial of their post-trial motions, filed their notice of appeal on September 18, 1996, almost three years after the entry of summary judgment. It is obvious that Appellants exceeded the prescribed thirty day appeal period. This Court is without jurisdiction to excuse a failure to file a timely notice, as the thirty day appeal period must be strictly construed. *In re Greist,* 431 Pa.Super. 188, 191, 636 A.2d 193, 195 (1994). Therefore, since we must quash this appeal as untimely, we are precluded from determining whether, on the merits, summary judgment was properly entered.[4] *See Sweener v. First Baptist*

---

4. We note that assuming, *arguendo,* Appellants' appeal was timely, we would find their contention meritless.

An action for personal injury must be commenced within a two year statute of limitation, 42 Pa.C.S. § 5524(2), and once this prescribed period has expired, the complaining party is barred from bringing suit. *Baumgart v. Keene Bldg. Prod. Corp.,* 542 Pa. 194, 199, 666 A.2d 238, 240 (1995). Further, "[i]t is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Hayward v. Medical Ctr. of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992). Therefore, as a general rule, "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono Int'l Raceway Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983).

The "discovery rule" is a narrow exception to this general rule, which arises from the inability of the injured party, despite the exercise of reasonable diligence, to know of the injury. *Id.* at 85, 468 A.2d at 471. Therefore, under the "discovery rule," where the existence of an injury is not known to the complaining party, and such knowledge cannot be reasonably ascertained within the two year limitation period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *Hayward,* 530 Pa. at 325, 608 A.2d at 1043. However, the converse is also true; the discovery rule does not apply, and statute of limitations is not tolled, where the existence of the injury and its cause are reasonably ascertainable within the two year statutory period. *Baumgart,* 542 Pa. at 199, 666 A.2d at 240.

If we were to decide the instant case on its merits, we would find that entry of summary judgment was appropriate; it is clear from the record that Appellant-husband's injury and its cause was certainly reasonable ascertainable, if not known, to Appellant from as far back as 1974, therefore, the discovery rule exception is inapplicable.

The instant suit was commenced March 18, 1988. The evidence at the damages phase of the trial consisted of medical records and testimony from three of Appellant-husband's physicians, as well as Appellants themselves. Appellant-husband contends that he did not "discover" his asbestos condition until 1987, thus, his suit, filed in 1988, is not time-barred. (Appellant's Brief at 4). Although the expiration of the statute of limitations is usually a question of law, the point at which the complaining party should reasonably be aware of his injury is generally a question of fact to be determined by the jury. *Hayward,* 530 Pa. at 325, 608 A.2d at 1043. With this in mind, however, we note that the " '[e]ntry of

*Church,* 516 Pa. 534, 539–40, 533 A.2d 998, 999–1000 (1987) (after entry of summary judgment, party filed post-trial motions which were denied six months later, and party appealed; court held entry of summary judgment was final order from which any appeal was *waived* unless taken within thirty days).

Appeal quashed.

summary judgment is proper where ... the evidence relied upon by the plaintiff is inherently incredible....' " *Ackler v. Raymark Indus., Inc.,* 380 Pa.Super. 183, 189, 551 A.2d 291, 294 (1988) (quoting *Lucera v. Johns–Manville Corp.,* 354 Pa.Super. 520, 532, 512 A.2d 661, 667 (1986)).

After reviewing the evidence, the trial court determined that, in light of Appellant-husband's medically documented asbestos symptoms and injuries dated *prior* to 1986, Appellant's testimony asserting his lack of knowledge prior to his 1987 asbestos-related diagnosis was self-serving and inherently incredible. (Trial Ct.Op. at 3–5).

*See* Trial Ct.Op. at 3 (detailing medical records evidence and physician testimony where, on December 9, 1987, Appellant "confessed [to his doctor] that he knew he had asbestosis for a 'long time.' ").

Therefore, the trial court determined that as a matter of law, "Mr. Tohan knew about his asbestos-related problems prior to 1986" and entered summary judgment in favor of Appellees. (Trial Ct.Op. at 5). After a review of the record, we would agree. Thus, even if we were to reach the substance of Appellant's claim, we would find it meritless.

