666 A.2d 238

**Mildred R. BAUMGART, Executrix of the Estate of Anthony J. Baumgart, deceased, Appellant,**

**v.**

**KEENE BUILDING PRODUCTS CORPORATION, Successor-in-Interest to Baldwin–Ehret–Hill, Inc., a corporation; The Celotex Corporation, Successor-in-Interest to Philip Carey Corporation, Philip Carey Manufacturing Company, Briggs Manufacturing Company and Panacon Corporation, a corporation; H.K. Porter, Inc., a corporation; Owens–Corning Fiberglas Corporation, a corporation; Owens–Illinois, Inc., a corporation; Armstrong World Industries, Inc., a corporation; GAF Corporation, a corporation; Combustion Engineering, Inc., a corporation; George V. Hamilton, Inc., a corporation; Pittsburgh Corning Corporation, a corporation; Flexitallic Gasket Company, a corporation; Eagle–Picher Industries, Inc., a corporation;**

Pittsburgh Gage & Supply Company, a corporation; Garlock, Inc., a corporation; Anchor Packing Company, a corporation; Raymark Industries, Inc., a corporation; John Crane–Houdaille, Inc., a corporation; Allied Corporation, Successor-in-Interest to Bendix Corporation, a corporation; and Wagner Division McGraw–Edison Company, a corporation, Appellees.

Supreme Court of Pennsylvania.

Argued March 7, 1995.

Decided Sept. 21, 1995.

196

Edwin H. Beachler, Caroselli, Spagnolli & Beachler, Pittsburgh, for Appellant.

Patrick R. Riley, Riley & DeFalice, Pittsburgh, for Owens–Corning Fiberglas Corporation.

John Vitsas, Reed, Smith, Shaw & McClay, Pittsburgh, for Pittsburgh Corning Corporation.

Alan H. Perer, Anna Marie Sosso, Swensen, Perer & Johnson, Pittsburgh, for Armstrong World Industries, Inc.

Jerry H. Seidler, Cohen & Grigsby, P.C., Pittsburgh, for Wagner Division of McGraw–Edison Company.

Matthew R. Wimer, Michael W. Smith, Wimer Law Offices, Pittsburgh, for Allied Signal, Inc.

William R. Haushalter, Rosenberg Kirshner, P.A., Todd P. Progar, Pittsburgh, for Anchor Packing Company.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## *ORDER*

PER CURIAM.

The Court being evenly divided, the Order of the Superior Court is affirmed.

ZAPPALA, J., files an Opinion in Support of Affirmance in which FLAHERTY and CASTILLE, JJ., join.

MONTEMURO *, J., files an Opinion in Support of Reversal in which NIX, C.J., and CAPPY, J., join.

## OPINION IN SUPPORT OF AFFIRMANCE

ZAPPALA, Justice.

The statute of limitations is not tolled by the discovery rule since Appellant possessed the salient facts and was able, in the exercise of due diligence, to determine the existence of the cause of action more than two years before the survival action was commenced.

The record establishes that between 1950 and 1980, Anthony J. Baumgart was allegedly exposed to asbestos-containing products while he was employed by Witco Chemical Corporation. In September 1984, Baumgart began to experience severe pain in his back and shoulder and was treated by Dr. Garcia for an arthritic condition. In December of that year, Dr. Garcia referred him to Dr. Jay Paul, who performed a fiberoptic bronchoscopy on Baumgart in January of 1985. The procedure enabled Dr. Paul to obtain a pleural biopsy which, upon examination, was diagnosed as mesothelioma. Baumgart and his wife were aware of the diagnosis of mesothelioma before the end of January, 1985. Baumgart, however, repeatedly denied having been exposed to asbestos when Dr. Paul questioned him on the matter.

Baumgart was again hospitalized between February 13, 1985, and March 9, 1985, during which time the diagnosis of mesothelioma was confirmed by Dr. T. Balinchak. Dr. Balinchak recalled asking Baumgart whether he had been exposed to asbestos. The doctor's notes reveal that Baumgart denied any history of exposure to asbestos.

Baumgart re-entered the hospital on March 19, 1985, where he died on March 31, 1985 from massive pleural effusion and mesothelioma.

* Mr. Justice Montemuro is sitting by designation.

Within five months after his death, less than eight months after his initial diagnosis, Baumgart's widow, Appellant, filed a fatal claim petition under the Workmen's Compensation Act. She alleged therein that her husband's death had been caused by his occupational exposure to asbestos while he was employed by Witco.

On March 26, 1987, Appellant filed a praecipe for writ of summons, naming numerous manufacturers and suppliers of asbestos products. The trial court entered summary judgment in favor of Wagner Electric Corporation and "all similarly situated defendants" on the grounds that the survival and wrongful death actions were barred by the two year statute of limitations provided at 42 Pa.C.S. § 5524(2).

The Superior Court subsequently reversed the summary judgment granted as to the wrongful death claim and affirmed the summary judgment as to the survival action. This appeal raises the issue of whether the survival action was barred by the two-year statute of limitations.

It is well-established that once the prescribed statutory period for commencing a cause of action has expired, the complaining party is barred from bringing suit. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992). The discovery rule is an exception to this rule and its application tolls the running of the statute of limitations. *Id.* " 'The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge **cannot reasonably be ascertained within the prescribed statutory period,** the limitations period does not begin to run until the discovery of the injury is reasonably possible.' " *Id.* (emphasis added), quoting, *Schaffer v. Larzelere,* 410 Pa. 402, 406, 189 A.2d 267, 270 (1963). Conversely, if the existence of the injury and cause thereof are reasonably ascertainable within the two-year statutory period, the discovery rule does not apply and no tolling occurs.

In the instant case, considering the record in the light most favorable to Appellant, it is clear that the injury and its

cause[1] were not only reasonably ascertainable within the statutory period, but were actually known to Appellant. Thus, the discovery rule is not triggered.

■ The decedent was diagnosed with mesothelioma in January of 1985 and the diagnosis was confirmed in February, 1985. The instant action, however, was not commenced until March, 1987. At the time of the decedent's diagnosis, doctors repeatedly questioned him concerning his exposure to asbestos. Although the decedent denied being exposed, his lack of knowledge in this regard did not toll the statute of limitations. We have held that the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding does not toll the statute of limitations. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468 (1983).

The Opinion in Support of Reversal makes much of the fact that the decedent was in pain, was under the influence of medication, and was in the "dying process" during the 60 days between his diagnosis of mesothelioma and his death. Appellant, however, had approximately 22 months after the decedent's death to investigate the specific causes of the injury and to commence an action. The discovery rule does not operate to exclude from the limitations period the time following the occurrence of an injury when, due to the injury, it would be impractical for a party to seek out the cause. Rather, the limitations period set by the legislature includes adequate time to deal with the injury and investigate its cause in time to commence an action. To decide otherwise would be to hold that the limitations period commences not with the occurrence of the injury, but at an indeterminate time thereafter, allowing a reasonable time to cope with the effects of the injury.

As Judge Wieand noted in writing for the Superior Court panel, mesothelioma is a rare form of cancer which is almost invariably caused by exposure to asbestos. *Baumgart v. Keene Bldg. Products Corp.*, 430 Pa.Super. 162, 171, 633 A.2d

1. The term "cause" here denotes only that the injury was caused by the conduct of another.

1189, 1193 (1993), citing, *O'Brien v. National Gypsum Co.,* 944 F.2d 69, 71 (2nd Cir.1991); *Hoffman v. Allied Corp.,* 912 F.2d 1379, 1381 (11th Cir.1990). Thus, the cause of the injury was not obscure and was readily ascertainable.

Furthermore, Appellant's filing of a workmen's compensation claim establishes that she was not laboring under an *inability,* despite the exercise of due diligence, to know of the injury or its cause. On August 30, 1985, five months after the decedent's death and well-within the two-year statute of limitations, Appellant filed a Fatal Claim Petition in which she alleged that the decedent's lung cancer was caused by his exposure to asbestos while employed by Appellees. For whatever reason, Appellant waited until March, 1987, to file the instant survival action.

■ The purpose of the "discovery rule" is to mitigate, in worthy cases, the harshness of an absolute and rigid period of limitations. However, the rule cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists. *Ingenito v. AC & S, Inc.,* 430 Pa.Super. 129, 135, 633 A.2d 1172, 1175 (1993).

In *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959), the seminal case concerning the discovery rule, a surgeon had left a sponge in the plaintiff's body cavity while performing abdominal surgery. The sponge was not discovered until nine years later. We held that the cause of action accrued when the plaintiff learned, or, by the exercise of reasonable diligence, could have learned of the presence of the foreign substance within his body. *Id.,* 397 Pa. at 292, 154 A.2d at 793. The plaintiff in *Ayers* could not have reasonably ascertained his injury within the statutory period; the same cannot be said of the plaintiff here.

In *Hayward v. Medical Center of Beaver County,* doctors performed exploratory surgery and removed a portion of the plaintiff's lung tissue after x-rays revealed a mass. The doctors proceeded to remove the portion of the lung affected by the suspected tumor. Although later studies revealed that the mass was merely a blood clot, the doctors continued to

reassure the plaintiff that further surgery was necessary. Immediately following the further surgery, the plaintiff experienced severe shortness of breath. It was not until approximately three years later, when the plaintiff consulted another doctor, that he learned that the second surgery was unnecessary and was the cause of his breathing problems. We held that it was a question of fact whether the plaintiff's injuries were readily ascertainable within the limitations period. The instant case is distinguishable since here, it is clear as a matter of law that Appellant was aware of the injury and its cause within the two-year statutory period.

In summary, because the undisputed facts clearly reveal that the existence of the injury was reasonably ascertainable within the prescribed statutory period, the discovery rule is inapplicable and summary judgment was appropriate. Accordingly, I would affirm the judgment of the Superior Court.

FLAHERTY and CASTILLE, JJ., join this Opinion in Support of Affirmance.

### OPINION IN SUPPORT OF REVERSAL

MONTEMURO, Justice.

Appellant, Mildred R. Baumgart, appeals from that part of an order and opinion of the Superior Court which affirmed an order of the Court of Common Pleas of Allegheny County granting summary judgment in favor of Appellees and dismissing a survival action for the death of her husband, Anthony J. Baumgart.

We granted allocatur to determine whether the trial court properly held that Appellant's claims were barred by the two year statute of limitations, 42 Pa.C.S. § 5524, and not within the "discovery rule" exception to the statute of limitations because of a failure to exercise due diligence in pursuing the cause of the decedent's illness.

The pertinent facts of this case are as follows. The decedent, Anthony J. Baumgart worked for Witco Chemical Corporation from 1950 to 1980 in various capacities including la-

borer, pipe fitter, truck driver, storeroom clerk and auto mechanic. During this employment, he was allegedly exposed to various products containing asbestos.

In September of 1984, Mr. Baumgart began to experience severe pain in his back and shoulder and was treated by Dr. Alfredo Garcia for an arthritic condition. In December of 1984, Dr. Alfredo referred Mr. Baumgart to Dr. Jay Paul, who scheduled a fiberoptic bronchoscopy. Baumgart was hospitalized from January 15, 1985 to January 29, 1985 for this test. As a result of the bronchoscopy, Dr. Paul obtained a pleural biopsy which, when examined, resulted in a diagnosis of mesothelioma. Dr. Paul questioned Mr. Baumgart about a history of exposure to asbestos, but the decedent denied any such exposure.

Mr. Baumgart was again hospitalized from February 16, 1985 to March 9, 1985, during which time the diagnosis of mesothelioma was confirmed by Dr. T. Balinchak. Dr. Balinchak also asked Mr. Baumgart if he had been exposed to asbestos, and the decedent again denied any history of exposure to asbestos. Dr. Balinchak stated in his notes that the "patient is a pipe smoker and denies any exposure to asbestos." (R.R. at 154A). Mr. Baumgart was hospitalized once again on March 19, 1985, and remained in the hospital until his death on March 31, 1985. During this final hospitalization, he was in respiratory failure and required intubation. The cause of his death was massive pleural effusion and mesothelioma.

On August 30, 1985, Appellant, Mr. Baumgart's widow, filed a fatal claim petition under the Workmen's Compensation Law contending that Mr. Baumgart's death had been caused by occupational exposure to asbestos during his employment at Witco Chemical Corporation. On March 26, 1987, Appellant commenced a third party action against Appellees alleging that they were the manufacturers and suppliers of asbestos products which injured her husband. This third party action is the subject of the instant appeal.

Appellees moved for summary judgment, contending that Appellant's wrongful death and survival claims were barred by

the two year statute of limitations. Appellees argued that the decedent was diagnosed with mesothelioma in January of 1985 and the diagnosis was confirmed several weeks later in February 1985. Thus, Appellees assert that the two year statute of limitations commenced in January or February of 1985, and, therefore, expired before Appellant initiated her third party action in March of 1987. The trial court agreed that the Appellant had commenced her third party action beyond the two year limitations period. The court rejected Appellant's claim that neither she nor her husband became aware of the connection between his mesothelioma and his occupational disease until after his death on March 31, 1985.

Appellant appealed to the Superior Court. A en banc panel of the Superior Court reversed the trial court's grant of summary judgment as to the wrongful death cause of action. The panel correctly noted that the two year statute of limitations period for a wrongful death claim begins to run at death. Thus, the court held that the third party action, filed on March 26, 1987, fell within the limitations period as it was filed within two years of Mr. Baumgart's death on March 31, 1985. However, the panel affirmed that part of the trial court's order dismissing Appellant's survival action against Appellees as having been filed beyond the two year limitations period. Appellant argued that the two year limitations period was tolled in this case because neither she nor her husband discovered the cause of her husband's death until after he died. The Superior Court refused to apply the "discovery rule" to this case in the manner suggested by Appellant, holding that the Appellant and the Decedent failed to exercise due diligence in discovering the cause of his mesothelioma once the condition had been diagnosed. This Court granted allocatur, and I would now reverse.

Our standard of review in cases involving a grant of summary judgment is well settled. A motion for summary judgment may be properly granted only "if the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party

is entitled to a judgment as a matter of law." Pa.R.Civ.P. 1035(b). "The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992) (quoting *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991)). Summary judgment may be entered only in cases where the right is clear and free from doubt. *Hayward,* 530 Pa. at 324, 608 A.2d at 1042 (citing *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989)). A trial court's order granting summary judgment should not be reversed unless the court committed an error of law or clearly abused its discretion. *DeWeese v. Anchor Hocking Consumer and Indus. Products Group,* 427 Pa.Super. 47, 50, 628 A.2d 421, 423 (1993); *Holmes v. Lankenau Hosp.,* 426 Pa.Super. 452, 457, 627 A.2d 763, 765 (1993), *appeal denied,* 538 Pa. 671, 649 A.2d 673 (1994). Under this standard of review, I would find that the trial court committed an error of law in entering summary judgment in the instant case.

Appellant's survival action is controlled by the two year statute of limitations set forth at 42 Pa.C.S. § 5524(2) [1] This statute provides that an "action to recover damages for injuries to the person ... by the wrongful act or neglect ... or negligence of another" must be commenced within two years. Under this statute, the limitations period begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute. *Pocono Intern. Raceway v. Pocono Produce,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1989); *Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 93, 204 A.2d 473, 475 (1964).

1. 42 Pa.C.S. § 5524 provides in pertinent part:
   The following actions and proceedings must be commenced within two years:
   * * * *
   (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

Thus, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within this prescribed limitations period. *Pocono Intern. Raceway,* 503 Pa. at 84, 468 A.2d at 471; *Walters v. Ditzler,* 424 Pa. 445, 450–51, 227 A.2d 833, 835 (1967).

However, we have long recognized an exception to this general rule which acts to toll the running of the limitations period. The discovery rule "provides that where the existence of the injury is not known to the complaining party and such knowledge cannot be reasonably ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992) (citing *Schaffer v. Larzelere,* 410 Pa. 402, 406, 189 A.2d 267, 270 (1963)). This rule "arises from the inability of the injured party, despite the exercise of due diligence to know of the injury or its cause." *Hayward,* 530 Pa. at 325, 608 A.2d at 1043 (citing *Pocono Intern. Raceway,* 503 Pa. at 85, 468 A.2d at 471).

The discovery rule has long been applied to cases where the plaintiff has alleged exposure to asbestos. Our Superior Court has well stated the rule that the statute of limitations in "creeping disease" cases begins to run "when the plaintiff knows, or reasonably should know (1) that he has been injured and (2) that his injury has been caused by another party's conduct." *Cathcart v. Keene Indus. Insulation,* 324 Pa.Super. 123, 136, 471 A.2d 493, 500 (1984), *appeal denied,* 527 Pa. 596, 589 A.2d 687 (1990). Under this rule, the issue raised in this appeal is whether Appellant or the decedent reasonably should have known in January/February of 1985 that exposure to asbestos caused decedent's lung cancer so that the statute of limitations began running at that point. Phrased in terms of this Court's "discovery rule" jurisprudence, the issue presented in this case is whether the Appellant and/or the decedent exercised reasonable diligence in ascertaining the cause of

decedent's lung cancer so as to toll the running of the limitations period until March of 1985.

Reasonable diligence is just that, a reasonable effort to discover the cause of an injury under the facts and circumstances present in the case. Long ago we recognized that "[t]here are few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." *Deemer v. Weaver*, 324 Pa. 85, 90, 187 A. 215, 217 (1936) (quoting *Madole v. Miller*, 276 Pa. 131, 137, 119 A. 829, 831 (1923)). Reasonable diligence is an objective, rather than a subjective standard. Under this standard, the plaintiff's actions must be evaluated to determine whether he exhibited "those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Burnside v. Abbott Laboratories*, 351 Pa.Super. 264, 292, 505 A.2d 973, 988 (1985) (quoting *Petri v. Smith*, 307 Pa.Super. 261, 271, 453 A.2d 342, 347 (1982)). *See also* Restatement (Second) of Torts § 283 comment b. Despite the objective nature of the reasonable diligence standard, "[i]t is sufficiently flexible, however, to take into account difference[s] between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question." *Burnside*, 351 Pa.Super. at 292, 505 A.2d at 988 (quoting *Petri*, 307 Pa.Super. at 271–72, 453 A.2d at 347). Thus, this case law teaches that a plaintiff is not under an absolute duty to discover the cause of his illness. Instead, he must exercise only the level of diligence that a reasonable man would employ under the facts and circumstances presented in a particular case.

Appellant asserts that whether or not she and her husband failed to exercise due diligence under these facts and circumstances is a question to be resolved by a jury and inappropriate for summary judgment. She argues that neither she nor the decedent could be faulted for failing to ascertain the precise cause of his lung cancer in January or February of 1985 because of the facts and circumstance surrounding his

death. Appellant notes that only 60 days elapsed between the earliest diagnosis of his condition on January 28, 1985, and his death on March 31, 1985. Appellant further notes that the decedent was hospitalized for all but 10 days of this 60 day period, and that his condition caused him extreme pain and incapacitation from the time of his diagnosis to the time of his death. She argues that under these circumstances, a jury could find that she and the decedent exercised reasonable diligence. I would agree.

It is well settled that where the issue involves the factual determination regarding what is a reasonable time for the plaintiff to discover his injury and its cause, the issue is usually for the jury. *Hayward,* 530 Pa. at 325, 608 A.2d at 1043; *Smith v. Bell Telephone,* 397 Pa. 134, 142, 153 A.2d 477, 481 (1959). Only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law. *Hayward,* 530 Pa. at 325, 608 A.2d at 1043 (quoting *Sadtler v. Jackson–Cross,* 402 Pa.Super. 492, 501, 587 A.2d 727, 732 (1991)). I cannot agree that, as a matter of law, reasonable minds could not differ over the whether Appellant and the decedent exercised reasonable diligence. This Court has stated that the discovery rule is particularly applicable when the plaintiff's failure to discover the cause of an action is the result of "blameless ignorance." *Pocono Intern. Raceway,* 503 Pa. at 86, 468 A.2d at 471. In *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959), we explained the rational behind the discovery rule: "Laches becomes a barrier to the institution of lawsuits because the injured person has slept on his rights, but if somnolence has not corroded away [a] claim to recovery, the law welcomes [an] action to regain what has wrongfully been taken away ..." *Id.* at 291, 154 A.2d at 792–93.

Here, the decedent lived only 60 days from the date of the earliest diagnosis of injury to the date of his death. Throughout this short period, the decedent was engaged in the dying process. The record establishes that the decedent was in pain for much of this period and under the influence of medication. I believe that a jury could easily find the decedent's failure to

discover the cause of his injury during this difficult period was due to "blameless ignorance" rather than "somnolence." Thus, this is not a case where reasonable minds could not differ and, therefore, I would hold that the trial court erred in finding a lack of reasonable diligence as a matter of law. Certainly, this is not the type of case where the right to a grant of summary judgment is "clear and free from doubt." *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042. Accordingly, I would hold that the trial court incorrectly entered summary judgment for the Appellees.

The Opinion in Support of Affirmance argues that the discovery rule should not apply to the instant case because the Appellant knew of the cause of the decedent's illness within the limitations period. It is also argued that we should take a retrospective view and determine whether the party seeking the discovery rule knew of the cause of his illness within the limitations period. If so, the Opinion in Support of Affirmance would hold that the party could have filed suit within the limitations period and, therefore, is not entitled to the benefit of the discovery rule. This approach creates several practical problems.

Theoretically, a party could discover the cause of his illness a day or week before the expiration of the limitations period. Under the construct advanced by the Opinion in Support of Affirmance, this party could have filed suit within the limitations period and, therefore, is not entitled to the benefit of the discovery rule, although only having a day or a week to bring his cause of action. This somewhat exaggerated, although certainly plausible, hypothetical points to the weakness under this approach; it deprives the affected party of the full limitations period in which to bring his suit. Instead, a party may be left with a dramatically curtailed limitations period. Another hypothetical further demonstrates the weakness of the position espoused by the Opinion in Support of Affirmance argument. Theoretically, a party could discover the cause of his disease a week after the expiration of the limitations period. Apparently, the Opinion in Support of Affirmance

would apply the discovery rule and accord this party the full benefit of the two year limitations period because he could not have filed suit within the statute. What a difference a week or two makes under such an argument! I simply do not believe that the limitations period should be based on a retrospective determination of whether a party could have filed suit before the expiration of the limitations period.

Accordingly, I would reverse the order of the Court of Common Pleas of Allegheny County entering summary judgment on Appellant's survival claim, and would remand the case for further proceedings.

NIX, C.J., and CAPPY, J., join this Opinion in Support of Reversal.