**Brenckle v. Avalli**

C.P. of Allegheny County, no. GD 93-15806.

*Michael R. Plummer*, for plaintiffs.
*James R. Schadel*, for defendants.

ORIE MELVIN, *J.*, April 1, 1997 — Plaintiffs, Donald P. Brenckle and Gary A. Brenckle, commenced a civil action by filing a writ of summons on September 28, 1993 against defendants, Charles J. Avalli and the law firm of Strassburger, McKenna, Gutnick and Potter. On February 4, 1994, plaintiffs filed a complaint seeking to recover damages for alleged legal malpractice. The defendants filed a motion for summary judgment asserting, among other things, that the action is time-barred by the two-year statute of limitations contained in 42 Pa.C.S. §5524(2). After oral argument and the submission of briefs by the parties, this court granted defendants' motion for summary judgment based on the statute of limitations. It is from this order that plaintiffs have appealed to the Pennsylvania Superior Court.

It is well settled that a party is entitled to summary judgment when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). The moving party has the burden to prove that there is no genuine issue of material fact; all doubts are to be resolved against granting the motion. The court should examine the entire record in a light most favorable to the non-moving

party. *Penn Center House Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989). The court must accept as true all well-pleaded facts in the pleadings filed by the non-moving party. *O'Neill v. Checkers Motors Corp.*, 389 Pa. Super. 430, 567 A.2d 680 (1989).

The sole issue for determination in the within matter is whether plaintiffs' failure to file this malpractice case within the time period permitted by the statute of limitations bars plaintiffs from recovery. This court believes that it does. There is no need to address defendants' alternative arguments in support of their motion for summary judgment, in light of the fact that the entire action is time-barred.

The facts can be briefly summarized as follows. Plaintiffs allege in their complaint that in late 1990, the plaintiffs, defendant Avalli and another individual by the name of David Anton were exploring the possibility of a joint business venture regarding the purchase of a franchise. After this venture was abandoned, Mr. Anton approached the plaintiffs regarding investing in another venture referred to in the pleadings as "David Hawk and Company Inc." Plaintiffs entered into an agreement with Mr. Anton to provide start-up capital in the amount of $100,000 to Hawk in return for shares of stock in that corporation. According to the plaintiffs, in early January of 1991, they requested advice regarding this investment from defendant Avalli, who is an attorney with the defendant law firm Strassburger, McKenna, Gutnick and Potter, a partnership. Plaintiffs claim that they relied on Avalli's assurances that Anton was "committed to fund the [Hawk] company," and they "took comfort in the fact that Avalli was preparing the documentation for the transaction because they reasonably believed that Avalli was representing their interests in this venture." Plaintiffs claim that Attorney Avalli never

advised them to the contrary, when in fact, he was representing Anton and Hawk Inc. Plaintiffs note that at a January 12, 1991 meeting, defendant Avalli made certain representations and gave certain advice to the plaintiffs that now forms the basis for the complaint of legal malpractice. Eventually, the agreement that was prepared by defendant Avalli and dated January 25, 1991,[1] was executed, and the plaintiffs tendered $100,000 directly to Anton (not Hawk Inc.). Plaintiffs claim that as the direct and proximate result of the misleading and incorrect legal advice provided by Attorney Avalli, they have lost their investment. When you consider the amount of the original investment along with the cost to pursue a recovery, plaintiffs claim that they have been damaged by defendant Avalli and his law firm in the amount of $162,058.

It is factually undisputed that plaintiffs obtained the legal advice prior to or at least during the execution of the agreement, and that the agreement was executed, at the latest, on January 25, 1991. It is also undisputed that this action was commenced by writ of summons on September 28, 1993, nearly two years and nine months later. However, plaintiffs allege in their complaint that it was not until October 1991 that their actual loss of the investment occurred when Hawk failed for lack of operating capital as a result of Anton's refusal to make the $100,000 available to Hawk. Plaintiffs argue that their cause of action only accrued when the Hawk venture failed, and their investment was lost. Plaintiffs

---

1. In plaintiffs' brief, they state that the agreement was executed on January 12, 1991 and the money was tendered on January 25, 1991. This court will assume that the agreement was finalized on January 25, 1991 for purposes of this discussion to give the plaintiffs the benefit of the latest date.

also seem to be advancing the argument that if the loss they sustained occurred outside of the statute of limitations, then they are protected by the discovery rule. Specifically, the argument is that the discovery rule provides that where the existence of the damages/injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. It is, therefore, plaintiffs' position that they "discovered" the damage/injury in October of 1991, and since the action was filed on September 29, 1993, they commenced the action within the two-year statute, albeit one year and 11 months later.

While defendants acknowledge this discovery exception to the statute of limitations, they take the position that the plaintiffs' "damage" occurred when the advice was rendered before the agreement was signed and certainly by January 25, 1991. Defendants point out that plaintiffs admit that they tendered the check directly to Mr. Anton and not Hawk Inc., and plaintiffs knew that the venture was risky. They "were aware that they could lose their money and voluntarily undertook that risk," and they knew that there was risk in a start-up transaction and "anybody with common sense knows that." To further support the defendants' motion for summary judgment, the defense attached the portions of Gary A. Brenckle and Donald Brenckle's depositions where they admit that they knew that the check they tendered on January 25, 1991, was handed to Mr. Anton, and Mr. Anton made it payable to himself in front of them.

In determining whether the plaintiffs are barred from recovery by the statute of limitations, this court first

notes that according to 42 Pa.C.S §5224, a legal malpractice action must be brought within two years of the date the claim arises. The Superior Court of Pennsylvania held in the case of *Robbins & Seventko Orthopedic Surgeons Inc. v. Geisenberger*, 449 Pa. Super. 367, 674 A.2d 244 (1996) that the statute of limitations begins to run at the time of the alleged breach of duty. Moreover, the lack of knowledge, mistake or misunderstanding will not toll the running of the statute. The discovery rule tolls the statute only until the plaintiff reasonably should have learned of the breach of duty. The discovery rule does not apply if the plaintiff can reasonably discover the injury within the prescribed statutory period. (See *Baumgart v. Keene Building Products Corp.*, 542 Pa. 194, 666 A.2d 238 (1995).) In *Baumgart*, the Supreme Court of Pennsylvania examined the issue of when the statute of limitations is tolled by the discovery rule.

The court stated:

"It is well-established that once the prescribed statutory period for commencing a cause of action has expired, the complaining party is barred from bringing suit. . . . The discovery rule is an exception to this rule and its application tolls the running of the statute of limitations. . . . 'The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge *cannot reasonably be ascertained within the prescribed statutory period*, the limitations period does not begin to run until the discovery of the injury is reasonably possible.' . . . Conversely, if the existence of the injury and cause thereof are reasonably ascertainable within the two-year statutory period, the discovery rule does not apply and

no tolling occurs." *Id.* at 199, 666 A.2d at 240. (citations omitted) (emphasis in original)

In *Baumgart*, the plaintiff was diagnosed with a form of cancer in January of 1985. He died in March 1985. When his widow filed suit in March of 1987 claiming that asbestos manufacturers and supplies had caused the injuries, the Supreme Court of Pennsylvania held that the action was time-barred. The reasoning in that case was that the injury was ascertainable within the prescribed statutory period. The court found that not only was it reasonably ascertainable, the injury was actually known to the plaintiff. Thus, the discovery rule was never triggered. Plaintiff, in *Baumgart*, made much of the fact that he denied any history of exposure to asbestos to his doctor and that his diagnosis of mesothelioma was not confirmed by a second doctor until his hospitalization from February 13, 1985 until March 9, 1985. He reentered the hospital on March 19, 1985 where he died on March 31, 1985. The Supreme Court responded to this argument by stating that:

"The discovery rule does not operate to exclude from the limitations period the time following the occurrence of an injury when, due to the injury, it would be impractical for a party to seek out the cause. Rather, the limitations period set by the legislature includes adequate time to deal with the injury and investigate its cause in time to commence an action. To decide otherwise would be to hold that the limitations period commences not with the occurrence of the injury, but at an indeterminate time thereafter, allowing a reasonable time to cope with the effects of the injury." *Id.* at 200, 666 A.2d at 241.

The important point to remember from the holding in *Baumgart* is that the plaintiff had knowledge of the injury during the original statutory period, and therefore,

the discovery rule was never triggered. The court rejected the plaintiff's argument that the discovery rule provides a new period in which an action can be filed starting from the time of the discovery of the injury, since the plaintiff *should have reasonably* known of the injury during the original statutory period. According to the undisputed facts in *Baumgart*, the plaintiff did, in fact, know of the injury during the original statute of limitations period.

In the present case, all advice from Attorney Avalli and negotiation of the agreement was made prior to or at least by the time the agreement was executed on January 25, 1991. Therefore, the action accrued for purposes of the statute of limitations on January 25 1991. The $100,000 investment was not lost in one day but rather over time. It is undisputed by the parties that everyone knew the money was lost by October 1991. Clearly, plaintiffs knew of the extent of their losses within the prescribed statutory period. By their own testimony, they knew that the check was tendered to Anton on January 25, 1991 and that the company had failed in October of that same year. In other words, not only was it *reasonably ascertainable*, the plaintiffs had actual knowledge of the damage/injury within the prescribed two-year statute of limitations. It is not alleged that defendant Avalli did anything more to contribute to the loss after the agreement was executed and the payment tendered. The plaintiffs knew all they needed to know about their damages within the prescribed statutory period. They admit actual knowledge of the loss in October of 1991. They had approximately 14 months after they were aware of the loss of the investment to commence an action.

Accordingly, because the undisputed facts clearly establish that the existence of the alleged breach and

resulting loss was ascertained within the prescribed statutory period, the discovery rule is inapplicable. Furthermore, plaintiff failed to commence this action in legal malpractice within the statutory time period and is now barred from recovery against all defendants by the applicable statute of limitations. Therefore, for the foregoing reasons, the defendants' motion for summary judgment was properly granted.