Martin A. BOWE, Jr. and Catherine M. Bowe, h/w, Appellants,

v.

ALLIED SIGNAL INC., Pittsburgh Corning Corp., Green Tweed and Co., A.W. Chesterton, Inc., Quigley Co., Pfizer Corp., GAF Corp., Ruberoid Co., Inc., Flexitallic Gasket Co., Flintkote Co., Armstrong World Ind., Inc., U.S. Gypsum Co., Foster Wheeler Corp., PARS Manufacturing Co., J.H. Refractories, Owens–Illinois, Inc., AC & S Corp., Turner & Newall, Uniroyal, Inc., Asbestos Claims Management Corp., (formerly known as National Gypsum Co.), Brand Insulation, Inc., Selas Corp. of America, Selas Furnaces, Bickley Furnaces, Inc., Armstrong Cork Co., Riley Stroker Corp., Drever Furnaces, Keeler/Dorr–Oliver Boiler Co., Cleaver Brooks, Division of Aqua–Chem, Inc., W.R. Grace, General Motors Corp., Crane Packing, Borg–Warner Corp., Rapid–America Corp., Moog Automotive, Inc., as successor to Wagner Electric Corp., Chrylser Corp., Ford Motor Co., U.S. Mineral Products Co., Combustion Engineering, Inc., CVCS, Inc., General Refractories Co., Georgia Pacific, Appellees.

Dorothy Schneider, Administratrix of the Estate of John L. Schneider, deceased and Dorothy Schneider in her own right, Appellant,

v.

Allied Signal Inc., Pittsburgh Corning Corp., Green Tweed and Co., A.W. Chesterton, Inc., Quigley Co., Pfizer Corp., GAF Corp., Ruberoid Co., Inc., Flexitallic Gasket Co., Flintkote Co., Armstrong World Ind., Inc., U.S. Gypsum Co., Foster Wheeler Corp., PARS Manufacturing Co., J.H. Refractories,

Owens–Illinois, Inc., AC & S Corp., Turner & Newall, Uniroyal, Inc., Asbestos Claims Management Corp., (formerly known as National Gypsum Co.), Brand Insulation, Inc., Selas Corp. of America, Selas Furnaces, Bickley Furnaces, Inc., Armstrong Cork Co., Riley Stroker Corp., Drever Furnaces, Keeler/Dorr–Oliver Boiler Co., Cleaver Brooks, Division of Aqua–Chem, Inc., W.R. Grace, General Motors Corp., Crane Packing, Borg–Warner Corp., Rapid–America Corp., Moog Automotive, Inc., as successor to Wagner Electric Corp., Chrylser Corp., Ford Motor Co., U.S. Mineral Products Co., Combustion Engineering, Inc., CVCS, Inc., General Refractories Co., Georgia Pacific, Appellees.

Bruce L. Mann and Anna M. Mann, h/w, Appellants,

v.

Allied Signal Inc., Owens–Corning Fiberglas Corp., Pittsburgh Corning Corp., Green Tweed and Co., A.W. Chesterton, Inc., Quigley Co., Pfizer Corp., GAF Corp., Ruberoid Co., Inc., Owens–Illinois, Inc., Flexitallic Gasket Co., Flintkote Co., Armstrong World Ind., Inc., U.S. Gypsum Co., Porter Hayden Co., Foster Wheeler Corp., PARS Manufacturing Co., J.H. France Refractories, AC & S Corp., Turner & Newall, Allied Corp., Uniroyal, Inc., Asbestos Claims Management Corp., Brand Insulation, Inc., Selas Corp. of America, Selas Furnaces, Bickley Furnaces, Inc., Armstrong Cork Co., Abex Corp., Riley Stroker Corp., Drever Furnaces, Keeler/Dorr–Oliver Boiler Co., Cleaver Brooks, W.R. Grace, Crane Packing,

Borg–Warner Corp., Rapid–America Corp., Chrylser Corp., Ford Motor Co., U.S. Mineral Products Co., Combustion Engineering, Inc., CVCS, Inc., General Refractories Co., Georgia Pacific, Appellees.

Superior Court of Pennsylvania.

Argued April 23, 2002.
Filed Aug. 27, 2002.
Reargument Denied Oct. 28, 2002.

William C. Bensley, Philadelphia, for appellants.

Renee E. Berger, Philadelphia, for Georgia Pacific Corp., appellee.

Catherine N. Jasons, Philadelphia, for Pars Manf. Co., appellee.

Before: DEL SOLE, President Judge, MONTEMURO * and BECK, JJ.

DEL SOLE, President Judge.

¶ 1 Appellants appeal from the order granting Appellees' motion for summary judgment on the basis of the statute of limitations. Upon review, we affirm.

¶ 2 This matter involves three separate cases that were consolidated for appeal purposes. Appellants in this matter have filed suit against Appellees asserting various injuries due to exposure to asbestos. Appellants have submitted a single brief on behalf of all three parties.

¶ 3 John Schneider allegedly was exposed to asbestos while employed by the United States Navy from 1943 to 1947 as a radioman, Artloon Rug Mill from 1948 to 1952, and Local 8 from 1952 to 1992 as a plasterer. Mr. Schneider died on April 21, 1997. Appellant, Dorothy Schneider, as Administratrix of the Estate of John Schneider, deceased, and in her own right, filed survival and wrongful death actions against various manufacturers of asbestos for symptomatic asbestos-related pleural disease of John Schneider on February 4, 1999.

¶ 4 Martin Bowe allegedly was exposed to asbestos while employed by Earl Kutz Builder from 1947 to 1950 as a carpenter; United States Army from 1950 to 1952 as a soldier; Lester Cox from 1952 to 1957 as a carpenter; Bowe's Exxon from 1958 to 1965, as a daytime manager and attendant, and General Motors, from 1965 to 1978 as a parts picker in the warehouse. Bowe and his wife, Catherine Bowe, filed a complaint for symptomatic pulmonary asbestosis against numerous asbestos product manufacturers on September 17, 1999.

¶ 5 Bruce Mann allegedly was exposed to asbestos while employed through Painters Local Union 1269 from 1962 to 1994 as a painter and Gabes Exxon Service Station from 1970 to 1972 as a mechanic. Mann, and his wife, Anna Mann, filed a complaint for symptomatic pulmonary asbestosis against numerous asbestos product manufacturers on April 15, 1999.

¶ 6 After filing the complaints, the parties proceeded with litigation pursuant to Pennsylvania Rule of Civil Procedure 1041.1, and Philadelphia Local County Rule 1019.1, both pertaining to asbestos litigation. Prior to trial, Appellees filed a motion for summary judgment on the basis that the Appellants' claims were barred by the applicable statute of limitations. The trial court granted the motion for summary judgment. This appeal followed.

¶ 7 On appeal, Appellants raise several issues. The many issues presented boil down to one question: whether the trial court erred in granting the Appellees' motion for summary judgment.

¶ 8 In our review of a case decided on summary judgment, a trial court's order

* Retired Justice assigned to the Superior Court.

granting summary judgment will not be reversed unless it is established that the court committed an error of law or clearly abused its discretion. *Murphy v. Diogenes A. Saavedra, M.D., P.C.*, 560 Pa. 423, 746 A.2d 92, 94 (2000). Summary judgment may be entered only in those cases where the record clearly demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* The record must be viewed in the light most favorable to the nonmoving party, and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Id.*

¶ 9 Because each of the three cases involves different factual issues, we will review each case on an individual basis. Before doing so, however, we note general tenets of law applicable to all three cases.

¶ 10 Summary judgment was granted on the basis that the applicable statute of limitations barred the Appellants' actions. Thus, a primary consideration in this appeal is when the statute of limitations began to run in each case.

¶ 11 The statute of limitations begins to run as soon as the right to institute and maintain a suit arises. *Dalrymple v. Brown*, 549 Pa. 217, 701 A.2d 164, 167 (1997). The statute of limitations requires aggrieved individuals to bring their claims within a certain time of the injury, so that the passage of time does not damage the defendant's ability to adequately defend against claims made. *Id.* Once the prescribed statutory period for commencing a cause of action has expired, the complaining party is barred from bringing suit. *Baumgart v. Keene Bldg. Prods. Corp.*, 542 Pa. 194, 666 A.2d 238, 240 (1995).

¶ 12 The discovery rule is an exception to this rule and its application tolls the running of the statute of limitations. *Id.* The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *Murphy*, 746 A.2d at 94. Prior to applying the discovery rule to a case, the court must address the ability of the injured party, exercising reasonable diligence, to know that the party has been injured by the act of another. *Id.* A party must use reasonable diligence to be "informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within this prescribed limitations period." *Baumgart v. Keene Bldg. Prods. Corp.*, 542 Pa. 194, 666 A.2d 238, 243 (1995) (citing *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468, 471 (1983)).

¶ 13 The party seeking to invoke the discovery rule bears the burden of establishing the inability to know of the injury despite the exercise of reasonable diligence. *Dalrymple*, 701 A.2d at 167. In addressing reasonable diligence, the Supreme Court has stated:

Reasonable diligence is just that, a reasonable effort to discover the cause of an injury under the facts and circumstances present in the case.

*Cochran v. GAF Corp.*, 542 Pa. 210, 666 A.2d 245, 249 (1995). The Supreme Court has also stated:

... we have not hesitated to find as a matter of law that a party has not used reasonable diligence in ascertaining the cause of an injury thus barring the party from asserting their claim under the discovery rule.

*Cochran*, 666 A.2d at 248. In reviewing what courts have found to be reasonable under the facts of a particular case, it has been held that the statute of limitations is not tolled by mistake or misunderstanding. *Id.* at 249. Furthermore, a "diligent investigation may require one to seek further medical examination as well as competent legal representation." *Id.*

¶ 14 Related to the running of the statute of limitations in asbestos litigation in Pennsylvania is the "two-disease rule". *See Marinari v. Asbestos Corp.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992). In *Marinari*, this Court held that the discovery of a nonmalignant, asbestos-related lung pathology does not trigger the statute of limitations for a later, separately diagnosed disease of lung cancer. *Id.* In *McNeil v. Owens–Corning Fiberglas Corp.*, 545 Pa. 209, 680 A.2d 1145 (1996), the Supreme Court held that asbestos-related nonmalignant conditions are separate diseases from asbestos-related malignant diseases and that suits for the two types of conditions may be brought separately.

¶ 15 Before addressing each case individually, we address Appellants' argument that the trial court improperly relied upon unsworn exhibits and/or testimonial evidence. Appellants' Brief at 20. While we agree that the exhibits should have been sworn exhibits, the fact that they were not does not make the trial court's ruling erroneous. Appellants failed to object to the trial court's consideration of the unsworn exhibits. Moreover, Appellants attached these documents to their responses to the motion for summary judgment and relied upon them in their argument. Therefore, we find this argument waived. *See Staiano v. Johns Manville Corp.*, 304 Pa.Super. 280, 450 A.2d 681, 687 (1982).

¶ 16 Furthermore, the trial court properly relied on the testimonial evidence of Appellants. The general rule flowing from *Nanty–Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932), is that summary judgment may not be had where the moving party relies exclusively upon oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact. Where the moving party supports its motion for summary judgment by using the admissions of the opposing party, however, even though they are testimonial, *Nanty–Glo* does not forbid the entry of summary judgment. In such a situation, the court may grant the motion without determining the credibility of the testimony, for it is an "unconditional surrender" by the opposing party, to which he must be held. *See Garcia v. Savage*, 402 Pa.Super. 324, 586 A.2d 1375, 1378 (1991). Accordingly, because this evidence was the testimony of the opposing party, we find that the trial court did not err in relying on the evidence of record in determining that Appellants' actions were barred by the statute of limitations.

¶ 17 We now turn to the individual cases to determine whether the trial court properly determined that the statute of limitations barred each of the Appellant's actions and properly granted Appellees' motion for summary judgment.

*Schneider v. U.S. Gypsum Co.*

¶ 18 John Schneider died on April 21, 1997, from complications relating to pulmonary asbestosis and asbestos-related pleural disease. Administratrix Dorothy Schneider filed an action for wrongful death of her husband on February 4, 1999.

¶ 19 After reviewing the record, we accept and adopt the trial court's factual findings in this matter and agree that the existence of the asbestos-related injury was known or identifiable to the deceased on January 10, 1997. Thus, the trial court

properly found that Appellant filed the actions after the two-year statute of limitations period had passed.

*Mann v. Allied Signal*

¶ 20 Bruce Mann filed the instant lawsuit on May 15, 1999. Appellants' Brief at 10. Mann acknowledges that in December 1993 he was first diagnosed with asbestos-related pleural thickening and a nodule. Appellants' Brief at 8. The nodule was determined to be benign. *Id.* Mann argues that he was not diagnosed with "asbestos-related *pulmonary* disease" until May or June 1999, and thus this lawsuit is timely. *Id.* at 9.

¶ 21 Mann's argument appears to be that the diagnosis of pulmonary asbestosis is separate and apart from the diagnosis of pleural thickening, and therefore gives rise to a second, and timely, cause of action. We disagree.

¶ 22 Pulmonary asbestosis is a nonmalignant disease, as is pleural thickening. *Marinari,* 612 A.2d at 1024. While in some cases these may be separate diseases,[1] both are nonmalignant diseases. *Id.* In his deposition testimony, Mann makes much of the distinction between the damage being on the inside or on the outside of his lungs. Appellants' Brief at 9–10. Such distinction is irrelevant as both diseases, and their corresponding manifestations, are nonmalignant.

¶ 23 While we find no cases directly on point, we believe the intent of *Marinari* in creating the "two-disease rule" was to allow for separate actions in asbestos litigation for nonmalignant and malignant diseases.

¶ 24 In *Marinari,* the Court held that plaintiff's action for pleural thickening was waived because it was not filed within the two-year statute of limitations, but that failure did not bar Plaintiff from filing a later action for cancer related to asbestos exposure. *Marinari,* 612 A.2d at 1028. Under *Marinari,* a person may bring separate claims for nonmalignant and malignant cancer without invoking *res judicata. Marinari,* 612 A.2d at 1024. Legal precedent further refining this rule followed *Marinari.* This Court later held that a person with nonmalignant, **asymptomatic** asbestos-related conditions does not have a cause of action. *Giffear v. Johns–Manville Corp.,* 429 Pa.Super. 327, 632 A.2d 880, 884 (1993), *aff'd Simmons v. Pacor Inc.,* 543 Pa. 664, 674 A.2d 232 (1996). *Giffear* has been applied only prospectively. Following *Giffear,* this Court permitted litigation of a second claim for **symptomatic** nonmalignant disease where an original pre-*Giffear* claim was based on an **asymptomatic** nonmalignant disease. *McCauley v. Owens–Corning Fiberglas Corp.,* 715 A.2d 1125 (Pa.Super.1998).

¶ 25 The Pennsylvania Supreme Court has also held that a person with symptomatic pleural thickening may bring a later claim for malignant conditions. *McNeil v. Owens–Corning Fiberglas Corp.,* 545 Pa. 209, 680 A.2d 1145 (1996). In addressing the two disease rule, the Supreme Court stated:

> Clearly, the cancer and non-cancer diseases in the current case constitute separate claims. Pennsylvania courts have consistently recognized the medical dis-

---

1. In addressing the various diseases and their manifestations caused by asbestos exposure, the Court in *Marinari* described them as follows:

    Pulmonary asbestosis or parenchymal asbestosis occurs within the lungs; pleural asbestosis occurs in the pleural cavity. Pleural thickening, one of the manifestations of pleural asbestosis, may occur independent of or in conjunction with pulmonary asbestosis.

    *Marinari,* 612 A.2d at 1025.

tinctions between malignant and nonmalignant asbestos-related injuries.
*McNeil,* 680 A.2d at 1148.

¶ 26 In this case, Mann is filing an action for a nonmalignant disease. He claims that this action is timely filed because he was not diagnosed with the asbestos-related pulmonary disease until May or June 1999. He further asserts that this disease is separate from the one diagnosed in 1993, and therefore is timely filed.

¶ 27 We find that the trial court correctly determined that Mann's action is barred by the statute of limitations. The two disease rule in Pennsylvania distinguishes between nonmalignant and malignant diseases and allows causes of action for each of those upon discovery. Mann first discovered the nonmalignant disease in 1993. He acknowledges receiving this diagnosis. Appellants' Brief at 8. This conclusion is further supported by Mann's testimony that he was placed on disability for his asbestos-related condition. Because the nonmalignant disease was discovered in 1993, the statute of limitations began to run at that time.[2] Mann may file another action upon discovery of a malignant disease, should a malignant disease manifest itself. Mann does not now claim the discovery of a malignant disease. Accordingly, we find Mann has failed to file his action within the two-year statute of limitations. Accordingly, the trial court properly granted Appellees' motion for summary judgment.

*Case of Martin Bowe*

¶ 28 Martin Bowe filed the instant action on September 17, 1999. Bowe maintains that he was "... not definitively di-

agnosed or advised that he had *asbestos-related* pleural or pulmonary disease until February 1999." Appellants' Brief at 4. Accordingly, Bowe asserts that the present action was filed within the two-year statute of limitations. We disagree.

¶ 29 Review of the record reveals that Bowe was seen by Dr. Josselson in 1994. Dr. Josselson examined Bowe, had a biopsy performed and followed Bowe post-operatively. Based on the above, Dr. Josselson's working diagnosis was that of asbestos-related pleurisy with no evidence of malignancy. This diagnosis was reflected in Dr. Josselson's reports, which are attached to both Appellees' motion for summary judgment and Appellants' response to the motion for summary judgment. The record also reveals that several other physicians seeing Bowe noted that he had an asbestos related condition between the years of 1994 and 1997. The various reports and documents in which this diagnosis were noted include reports of Dr. Lee Konecke, report of Dr. Lawrence Kerson, Montgomery Hospital History and Physical Examination report, report of Dr. James Nutt, report of Steven S. Song, and reports of Dr. Leonard.

¶ 30 Perhaps the most telling evidence are the reports and notes created as a result of Bowe's admission to Halifax Medical Center in Florida in May of 1997. In obtaining Bowe's past medical history, the doctors noted a past medical history of asbestosis diagnosed in 1995. Furthermore, the discharge summary for Bowe indicated:

---

**2.** Mann asserts that "asbestos-related pleural thickening and pulmonary (parenchymal) asbestosis are separate and distinct diseases." We note that pursuant to the description of asbestos related diseases adopted by this Court in *Marinari,* that is not always the case.

' As the Court noted, "Pleural thickening, one of the manifestations of pleural asbestosis, may occur independent of or in conjunction with pulmonary asbestosis." *Marinari,* 612 A.2d at 1025.

[Mr. Bowe] reported that he would be returning to Pennsylvania in four days. He was advised to follow up with his primary care doctor for further adjustment of his prednisone dosage due to his asbestosis.

¶ 31 The statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding does not toll the statute of limitations. *Baumgart v. Keene Building Products Corp.,* 542 Pa. 194, 666 A.2d 238, 240 (1995). The party seeking to invoke the discovery rule bears the burden of establishing the inability to know of the injury despite the existence of reasonable diligence. *Dalrymple v. Brown,* 549 Pa. 217, 701 A.2d 164, 167 (1997). Our Supreme Court has stated:

> [t]he very essence of the discovery rule in Pennsylvania is that it applies only to those situations where the nature of the injury itself is such that no amount of vigilance will enable the plaintiff to detect an injury.

*Dalrymple,* 701 A.2d at 170.

¶ 32 Based on the record, we cannot find that the nature of Bowe's injury was such that no amount of vigilance would enable him to detect his injury. In fact, in light of the record, it appears that Bowe actually knew of his injury. Appellant argues that these diagnoses were made by Doctors who were not Bowe's regularly treating physicians. That fact is irrelevant. Appellant also argues that the working diagnosis of asbestosis was eventually rejected by Dr. Josselson. While that may be the case, Appellant had several other physicians provide the same diagnosis. Additionally, when obtaining his medical history, doctors noted that Appellant had a history of asbestosis. Using reasonable diligence, Appellant could have met with additional doctors and/or lawyers to determine if he had a cause of action. A diligent investigation may require one to seek further medical examination as well as competent legal representation. *Cochran,* 666 A.2d at 249. Thus, the discovery rule does not apply and the statute of limitations was not tolled. Appellant Bowe's claim was barred by the applicable two-year statute of limitations.

¶ 33 In conclusion, we find that the trial court properly granted Appellees' motion for summary judgment. In reviewing the record in the light most favorable to the nonmoving party, we agree with the trial court's conclusion that there was no genuine issue of material fact and that Appellees were entitled to judgment as a matter of law. Appellants' claims are barred by the applicable statute of limitations. Accordingly, we affirm the trial court's order.

¶ 34 Order affirmed.