# Greer v. Elwyn Industries

*Jeffrey R. Lessin,* for appellant.

*Kevin R. McNulty and Thomas L. Bryan,* for appellee.

DIVITO, *J.,* March 4, 2011—This is an appeal by Catherine E. Greer ("Greer") contending that the court erred when it entered an order on August 27, 2010 granting the motion for summary judgment presented by Elwyn Industries ("Elwyn") and dismissing the appellant's claim with prejudice as being barred by the statute of limitations. For the reasons that follow, the order of this court should be affirmed,

Catherine E. Greer alleges that on February 12, 2006 she was injured on the sidewalk at 900 Market Street, Philadelphia, Pennsylvania 19107 (the N.C. Nix Federal Building), when she slipped and fell on ice and snow that had not been properly removed from the sidewalk. There is no dispute that Greer knew of her injuries at the the time of the fall or shortly thereafter. After the fall, Greer retained the counsel of Jefferey R. Lessin & Associates to represent her in a negligence suit relating to the upkeep of the sidewalk. As the building was owned by the United States of America the claim was subject to the remedies

of the Federal Tort Claims Act ("FTCA") which required Greer to file a "claim for damage, injury, or death" prior to any suit against a federal agency.

On September 5, 2006 Greer's counsel sent a letter to the U.S. Post Office, one of the federal agencies that occupied space in the building, requesting information regarding whether any snow and ice removal contractors were responsible for the sidewalks at the time of the fall. The U.S. Post Office either did not respond or answered negatively. No inquiries were made to any of the other many federal agencies residing in the building, nor were any more inquires sent to the U.S. Post Office requesting the information.

Seventeen months passed before Greer's FTCA claim was filed against the Post Office, United States, and United States General Service Administration on February 8, 2008 — approximately four days before the statute of limitations was set to expire. When the FTCA claim failed, Greer then attempted to bring suit December 31, 2008 against the Post Office, United States, and United States General Service Administration, all of which were dismissed by summary judgment. Greer claims that the first time she was notified that Elwyn was responsible for snow and ice removal was January 8, 2009 and that, thus, the statute of limitations only began running on that date.

Under 42 Pa.C.S.A. § 5524(2) proceedings in an action to recover damages for injuries caused by the wrongful or negligent act of another must be commenced within two years, and, failing that, the complainant is barred from bringing suit. As plainly held by the Pennsylvania Supreme Court, the "statute of limitations begins to run as

soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding does not toll the statute of limitations." *Baumgart v. Keene Bldg. Prods. Corp.,* 542 Pa. 194, 200, 666 A.2d 238, 240 (Pa. 1995). The court has long recognized that, "As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 84, 468 A.2d 468, 471 (Pa. 1983). One of the few exceptions to the statute of limitations is the "discovery rule" which, "arises from the *inability* of the injured, *despite the exercise of due diligence,* to know of the injury or its cause." *Id.* at 85 (emphasis in original).

Applied to the current case, Greer has clearly failed to meet the requirements of the statute of limitations based upon all evidence presented. On February 12, 2006 Greer was injured in front of a building owned by the federal government, and knew both whom the owner of the building was and that she had been injured. Accordingly she had enough information to begin instituting her suit and, per *Baumgart v. Keene Bldg. Prods. Corp,* the statute of limitations began to run.

Counsel for Greer makes much ado of the "investigation" that was attempted to find out whether or not a contractor was responsible for snow and ice removal at the Nix building. Based on all the evidence submitted by Greer during discovery, this investigation amounted to the sending of a single letter which may or may not ever have been answered. There was a complete

lack of any other action to find out who was actually responsible for maintaining the sidewalk. The "reasonable diligence" requirement elucidated by the court in *Pocono International Raceway, Inc. v. Pocono Produce, Inc.* to determine whether a complainant has truly attempted to make themselves aware of the facts can be a nebulous standard; not so here. Under no interpretation of the facts could the sending of a single letter be considered either reasonable or diligent.

Had counsel for Greer believed that there was a possibility that a contractor was responsible for snow and ice removal — which they clearly seem to have had — a reasonably diligent party would have done more than sending a single letter, especially when they received no clear answer. Secondly, counsel states that it knew the initial FTCA "claim for damage, injury, or death" might take upwards of six months to receive a response. Instead of filing promptly, however, 17 months of inaction passed with the claim being filed a mere four days before the statute of limitations expired. Given the length of time that it was known that it might take the federal government to respond to the FTCA claim and that a contractor might have been responsible for ice and snow removable, the actions taken by Greer cannot be said to have been reasonably diligent. As the actions were not appropriately diligent, the statute of limitations will not be tolled due to the lack of knowledge resulting from the complacency of the "investigation."

Greer's reliance on the discovery rule is completely misplaced. The heart of the discovery rule is that an individual who does not know that she has suffered an injury does not begin running the statute of limitations

until her injury has been discovered. Greer never presented any evidence that she did not immediately or soon after the fall know that she was injured, hence, the statute of limitations began running on February 12, 2006 or close enough thereto that the claim against Elwyn was barred long before it was ever brought.

Greer's reliance on *Wilson v. El-Daief*, 600 Pa. 161, 189, 964 A.2d 354, 371 (Pa. 2009) for the proposition that the discovery rule applies when a plaintiff does not know who occasioned an injury is disingenuous. The Pennsylvania Supreme Court was not holding that lack of knowledge regarding who caused an injury allowed a reliance on the discovery rule, rather the court was merely paraphrasing the court of common pleas' decision earlier in the case — a decision it was presently overturning. Even were we to accept Greer's understanding of the discovery rule, it would still be inapplicable since the discovery rule requires reasonable diligence, which was already found to be demonstrably lacking here.

For these reasons, the order of August 27, 2010 granting the motion for summary judgment brought by Elwyn should be affirmed.